BOOTH, Judge,
dissenting:
Claimant has established that while he worked in the employer’s Florida metal shop: (1) working conditions required almost constant exposure to high noise levels; (2) he experienced the onset of constant ringing in his ears and increased inability to hear; and (3) he sustained a significant hearing loss shown by hearing tests. These matters were properly provable without the testimony of a medical expert, and based on the logical cause doctrine, the award of benefits should be affirmed.
The employer/carrier’s defense was that claimant’s present hearing loss was due to progression of the preexisting injury claimant sustained while working for the same employer in New York. Expert testimony was needed to prove this defense but was not forthcoming. Nor did the employer/carrier adduce evidence for apportioning the loss of hearing sustained between the injury occurring in New York and that occurring in Florida.
As for Mr. McCombs, the audiologist, he was clearly competent to testify to the results of the tests he gave claimant in 1984 and 1985, and to the loss of eight to ten decibels occurring within that period. That error, if any, of admitting his testimony concerning the possible cause of such a loss, does not call for reversal. As ground for reversal on appeal, appellants cite the admission of McCombs’ testimony that “if claimant was working around noisy equipment, his hearing impairment would increase that much faster.” This testimony is cumulative of evidence from the physicians who examined claimant in connection with his prior ear injury and to the statement made to claimant by Mr. Fink, vice president of the employer. The employer/carrier, in fact, relies on this cumulative evidence to support their contention that claimant contributed to his increased hearing loss by working around high levels of noise despite advice to the contrary given him after the first injury. Their objection to similar evidence from McCombs was properly denied.
McCombs also testified that the amount of hearing loss he measured for the 11-month period was significantly greater than would be expected from the normal progression of the prior impairment. That testimony, objected to below and recited in the facts on appeal, is not argued by appellant as a basis for reversal. Perhaps appellants recognize the weakness of a competency objection when addressed to this type of testimony by a qualified nonmedical audiologist whose primary function is to deal with the progression of sensorineural hearing loss by dispensing increasingly more powerful hearing aids. The record shows *828 that there is no medical treatment for sen-sorineural loss, claimant's previously-diagnosed condition. An “audiologist” is, by definition, a person skilled in the science of hearing, particularly the study of impaired hearing which cannot be improved by medical or surgical means. Mr. McCombs testified that an individual with such impairment is referred to him in order that he may determine the degree of hearing loss and fit a hearing aid.
Claimant testified that while working as shop foreman for the employer in Florida, he was exposed to high levels of noise in fabricating metal tanks and experienced increasing ringing in his ears as well as noticeable loss of hearing. In less than a year, his hearing aid had to be replaced twice. He testified that he reported his problem to Mr. Fink, who advised him that “he [Fink] had normal hearing and he couldn’t believe how loud it was and I [claimant] had a hearing aid in and it amplifies any loud noise through my hearing aid.” The record shows that claimant was required to wear hearing aids in both ears as a result of the prior injury on the job with this employer in New York and that without the hearing aids, he could not hear and therefore could not safely perform the work. The employer was, of course, aware of claimant’s impairment when it moved him to Florida after his first injury and placed him in a job that required exposure to high levels of noise.
The record supports the order of the deputy on causation, which order is, in pertinent part, as follows:
I find that the Claimant did sustain an aggravation and acceleration of his preexisting hearing difficulties as a result of his exposure to repetitive, loud noises at RCI-SSD. Noises to which the Claimant was exposed were obviously quite substantial, as evidenced by the testimony of the Employer/Carrier’s own witnesses.
I accept the Claimant’s testimony that his supervisors were aware of the increased problems the Claimant was having with his hearing and indeed had recommended that he consider removing himself from the work environment by seeking other employment.
The Claimant obviously had a pre-ex-isting hearing problem which was progressive in nature. The Employer was aware of this pre-existing permanent problem at the time they hired him. However, the evidence is overwhelming that the Claimant had a substantial increase in his hearing problems which could not be attributable to the natural progression of his pre-existing problem. The Claimant went through several sets of new hearing aids during the course of his employment with RCI-SSD. He testified to the deterioration of his hearing and the loud noises which he was subjected to. I accept the Claimant’s testimony. Furthermore, I accept the testimony of the attending audiologist, Richard McCombs, that the rapid progression of the Claimant’s hearing problem during the relatively short period of time he was employed at RCI-SSD was far greater than would be experienced with the natural progression of the Claimant’s pre-ex-isting hearing difficulties. I find that the Claimant’s present hearing difficulties are related to the aggravation or acceleration of his pre-existing condition resulting from the repetitive exposures to the noisy environment at RCI-SSD and specifically reject the Employer/Carrier’s contention that the Claimant’s present problems are the result of the natural progression of his hearing loss.
The Claimant presently has significant bilateral hearing loss. He wears a hearing aid in each ear and has difficulty hearing conversation, particularly when there is any other noise or conversation taking place at the same time. However, the Claimant's difficulties were obvious and evident at times during the controlled environment of the Hearing Room where conversation was generally on a one-on-one basis. From time to time during the course of the hearing the hearing aids would produce what the Claimant described as “feedback” which is an audible high pitched whine produced from the hearing aids. The Claimant wears the *829 hearing aids on the maximum volume in order to have them magnify the external sounds so that he can make them out. Without the hearing aids the Claimant cannot hear and understand conversation at all.
The Claimant is only 26 years old. Based upon my observation of the Claimant and the evidence presented, there is no question in my mind that the Claimant is in dire need of immediate rehabilitation evaluation and possibly retraining. It is doubtful he will return to the types of occupations for which he previously has experience, and there is raised the possibility that he could reach the point where hearing aid devices would be ineffectual....
I would affirm the order below as to compensability and remand for further proceedings in accord with appellants’ points II and III on penalties, interest, and average weekly wage.